UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MAEREGU BEZABEH ALAMREW** | **CASE NO.  1:26-CV-00871** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **TIM MORGAN, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## ORDER

Before the Court is Petitioner's Emergency Motion for Reconsideration [ECF No. 20] and Petitioner's Second Emergency Motion for Temporary Restraining Order [ECF No. 26]. For the reasons that follow, Petitioner's motions [ECF No. 20] [ECF No. 26] are DENIED.

In both motions, Petitioner seeks a temporary restraining order prohibiting his removal to any third country without required procedures. Petitioner claims that he was never given written notice identifying Cameroon as the proposed country of removal and was not given a meaningful opportunity to raise a fear-based claim before an Immigration Court. Petitioner also seeks immediate release because he has been detained for an unreasonable amount of time under *Zadvydas*.[1]

Temporary restraining orders are "extraordinary relief and rarely issued."[2] To obtain injunctive relief, a movant must establish: "(1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest."[3]

---

[1] *See Zadvydas v. Davis*, 533 U.S. 678 (2001).
[2] *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999).
[3] *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

Having reviewed the filings, the docket in this case, and the relevant law, the Court finds that Petitioner has not demonstrated that he is likely to succeed on the merits of his due process claim challenging his removal to a third country without notice and an opportunity to be heard on fear-based claims. As to notice, the record reflects that Petitioner was served on December 23, 2025, with a Notice of Removal identifying Cameroon as the proposed third country of removal.[4] While Petitioner refused to sign the notice, ERO's standard callout procedure is to provide detainees a copy of the document regardless of whether they sign acknowledging receipt.[5] Thus, the Court finds that Respondents have sufficiently rebutted Petitioner's allegations regarding notice.

The Court further finds that Petitioner is not likely to establish that he was denied an opportunity to be heard on his fear-based claims. The record reflects that Petitioner did not make an affirmative fear-based claim when he was served with the December 23, 2025 Notice of Removal.[6] Several months have passed since this time and Petitioner has been represented by an attorney since at least March of 2026 (when he filed his habeas petition before this Court).[7] Yet, there was no attempt to assert a credible fear-based claim before the Immigration Court. The first time Petitioner mentioned a potential fear-based claim before this Court was in his Emergency Motion for Reconsideration filed on May 29, 2026.[8] Nothing in the record suggests that Respondents erected unconstitutional roadblocks that prevented Petitioner from asserting a fear-based claim. Thus, the Court finds that Petitioner is not likely to establish that he was denied an opportunity to be heard on his fear-based claims.

---

[4] ECF No. 29-1.
[5] ECF No. 22-1 at 2.
[6] *Id.*
[7] *See* ECF No. 1.
[8] *See* ECF No. 20.

Finally, as to Petitioner's claim regarding an unreasonable period of detention under *Zadvydas*, the injunctive relief sought is denied because it mirrors the relief requested in the habeas petition.[9] For these reasons,

IT IS HEREBY ORDERED that Petitioner's Emergency Motion for Reconsideration [ECF No. 20] and Petitioner's Second Emergency Motion for Temporary Restraining Order [ECF No. 26] are DENIED.

THUS DONE in Chambers on this __16th__ day of June, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[9] *See Stines v. Superintendent*, No. 24-CV-456, 2025 WL 1448358, at *2 (N.D.N.Y. May 20, 2025) (quoting *Lawry v. Wolcott*, No. 20-CV-588, 2020 WL 4018344, *6 (W.D.N.Y. July 15, 2020); *accord Meade v. Spaulding*, No. 16-CV-2212, 2017 WL 3425181, at *2 (M.D. Pa. Aug. 9, 2017).