**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MAEREGU BEZABEH ALAMREW** | **CIVIL ACTION NO. 26-0871** |
| **VS.** | **JUDGE ROBERT R. SUMMERHAYS** |
| **TIM MORGAN, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

**REASONS FOR JUDGMENT**

Before the Court is the Report and Recommendation of the Magistrate Judge [ECF No. 35], the objections filed thereto [ECF No. 39], and the notice of supplemental facts [ECF No. 42]. For the reasons set forth below, the Court overturns the Respondents' objections and finds that the holding contained in Magistrate Judge's Report and Recommendation is correct.

Respondents first argue that the Report misapplies the burden-shifting framework established in *Zadvydas*, effectively requiring Respondents to establish that removal is effectively certain. The Court disagrees. In *Zadvydas*, the Supreme Court held that after six months of detention following a final order of removal, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," then the Government must either rebut that showing with evidence or release the alien.[1] The Magistrate Judge found that Petitioner met his initial burden because, at the time the Report was issued, Petitioner had been detained for almost ten months following his final order of removal, and the Government had not obtained a travel document for him or identified a third country of removal that was willing to accept Petitioner.[2] The Magistrate Judge further found that Respondents failed to rebut Petitioner's arguments because they did not produce any evidence "indicating that, for instance, travel documents are forthcoming or that ICE has made meaningful progress in

[1] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).
[2] ECF No. 35 at 4, 10-11.

effectuating Petitioner's removal."[3] Based on this record, the Court finds that the Magistrate Judge applied the correct standard under *Zadvydas* in evaluating Petitioner's claims.

Respondents also argue that the Report erroneously concludes that Respondents failed to rebut Petitioner's arguments because the Magistrate Judge did not fully consider developments in Petitioner's removal process. The Court disagrees. Respondents specifically point to evidence that Petitioner had been served with a notice identifying Cameroon as a proposed country of removal and that DHS had designated Petitioner as an alternate for a removal operation in May 2026 (which ultimately did not result in Petitioner's removal).[4] While these facts may cut against Petitioner's arguments, it is not enough to show a significant likelihood of Petitioner's removal in the reasonably foreseeable future. Respondents have not produced evidence of any significant removal efforts made by DHS since May of 2026. At the time the Report was issued, Petitioner had been detained for almost ten months following his final order of removal. He has now been detained for over eleven months following his final order of removal with no evidence of further attempts to remove him. Based on a *de novo* review of the record, the Court concludes that Respondents have not shown a likelihood of Petitioner's removal in the reasonably foreseeable future.

While the evidence contemplated in the Report alone is sufficient to grant the habeas petition, Petitioner has also submitted supplemental evidence showing that an immigration judge has stayed his removal pending a determination on his motion to reopen removal proceedings.[5] Ordinarily, continued detention caused solely by the litigation activity of an alien is not considered unreasonable.[6] Here, however, the stay of removal is just one additional factor showing that removal is not likely in the reasonably foreseeable future.

---

[3] *Id*. at 5; *see also id*. at 10-11.
[4] ECF No. 39 at 7-8.
[5] ECF No. 42-1.
[6] *See M.P. v. Joyce*, No. 1:22-CV-06123, 2023 WL 5521155, at *4 (W.D. La. Aug. 10, 2023), report and recommendation adopted, No. 1:22-CV-06123, 2023 WL 5517263 (W.D. La. Aug. 25, 2023); *Okechukwu Mummee Amadi v. Young*, No. 2:06CV1138, 2007 WL 855358, at *4 (W.D. La. Feb. 12, 2007).

Further, granting the habeas petition does not improperly resolve questions concerning the Government's third-country removal procedures or improperly interfere with the execution of the final order of removal. The Court finds that Petitioner should be released from his current detention because there is not a significant likelihood that he will be removed to a third country in the reasonably foreseeable future. The Court has not expressed an opinion as to whether Petitioner could or should be taken into custody at a later date if travel documents were to be obtained.

For the reasons set forth above,

IT IS HEREBY ORDERED that the motion to expedite [ECF No. 42] is GRANTED.

IT IS FURTHER ORDERED that Petitioner Maeregu Bezabeh Alamrew's petition for habeas corpus [ECF No. 1] is GRANTED. Respondents, and the Warden of Winn Correctional Center, shall (A) immediately release Petitioner from custody without bond, under reasonable conditions of supervision if necessary and (B) notify Petitioner's counsel of the exact location and time of his release no less than two hours before his release.

IT IS FURTHER ORDERED that any possible or anticipated removal or transfer of Petitioner under this present detention is PROHIBITED.[7] Respondents shall, within 24 hours after Petitioner's release, file a status report confirming his release.

THUS DONE in Chambers on this 27th day of August, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

[7] The Court expresses no opinion as to whether Petitioner could or should be taken into custody at a later date if travel documents were to be obtained.